UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER EUGENE CRAMER, | ) |
|     Petitioner, | ) |
| v. | ) Case No. CIV-24-66-J |
| CARRIE BRIDGES, | ) |
|     Respondent. | ) |

**ORDER**

Petitioner, Peter Eugene Cramer, a state prisoner proceeding pro se, brought this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 626(b)(1)(B),(C). [Doc. No. 5]. On preliminary review, Judge Green issued a Report and Recommendation recommending that Petitioner's application for habeas relief be dismissed with prejudice as time barred. [Doc. No. 7]. Petitioner has filed objections to the Report and Recommendation which triggers de novo review. [Doc. No. 8].[1]

In the Report and Recommendation, Judge Green concludes that Petitioner did not timely file his habeas petition. Specifically, Judge Green found that the petition was untimely under 28 U.S.C. § 2244(d)(1)(A), that § 2244(d)(1)(C) is not applicable because *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) did not recognize a new constitutional right, and that the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) statute of limitations applies to Petitioner's claim that the state court lacked jurisdiction. In his objections, Petitioner asserts that his petition is timely

---

[1] While Petitioner titles his filing as a "28 U.S.C. § 636(B)(1) Motion", the Court construes the motion as Petitioner's objections to the Report and Recommendation.

because his conviction is not "final."  Petitioner also asserts that the holding in *McGirt* is a new rule of law.

Having carefully reviewed the § 2254 petition, the Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Green's conclusion that Petitioner's application for habeas relief is time barred.  On February 5, 2009, Petitioner pled no contest to one count of murder in the first degree and was sentenced to life imprisonment, and Petitioner did not appeal his conviction.  The AEDPA's limitations period generally runs from the date on which the state judgment became final.  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).  Because Petitioner did not file a direct appeal, his conviction became final on February 16, 2009 - the next business day following the ten days after the trial court entered final judgment, and Petitioner had until February 17, 2010 to file his habeas petition absent any tolling event.  Additionally, while the AEDPA allows the statute of limitations to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review", 28 U.S.C. § 2244(d)(1)(C), the Tenth Circuit has held that *McGirt* did not announce a new constitutional right and does not allow a petitioner additional time to file his habeas petition under § 2244(d)(1)(C).  *See Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023).  Finally, the Tenth Circuit has held that "a habeas claim predicated on a convicting court's lack of subject matter jurisdiction is subject to dismissal for untimeliness." *Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (internal quotations and citation omitted).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 7] and DISMISSES Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 with

prejudice as time barred.  Further, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED this 16th day of February, 2024.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE